Amy L. B. Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOMMIE DONALDSON**, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.;** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| **HALSTEAD FINANCIAL SERVICES, LLC** | |
| Defendant. | |

## COMPLAINT

TOMMIE DONALDSON ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against HALSTEAD FINANCIAL SERVICES, LLC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of California, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Burbank, California 91506.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its principal place of business located at P.O. Box 828, Skokie, Illinois 60076.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Plaintiff has a cellular telephone.

12. Plaintiff has solely used this phone as a cellular telephone.

13. Beginning in or around late August or early September 2017 and continuing thereafter through November 2017, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone seeking to collect an alleged consumer debt.

14. During this time, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system and/or pre-recorded voice or message.

15. Plaintiff was aware that Defendant's calls were automated as he was routinely greeted by a discernible delay or pause before being transferred to Defendant's collectors.

16. Additionally, Plaintiff received automated voice messages from Defendant.

17. Shortly after the commencement of Defendant's collection calls in or about September 2017, Plaintiff spoke to Defendant and instructed Defendant to stop calling his cell phone.

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place additional calls.

19. Despite the above, Defendant ignored Plaintiff's simple demand to stop calling and continued to call him on a continuous basis through November 2017.

20. These additional collection calls were upsetting, vexatious and disruptive to Plaintiff.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

24. The calls were made using an artificial or pre-recorded voice.

25. Defendant's calls to Plaintiff were not made for "emergency purposes."

26. In or about September 2017, Plaintiff told Defendant to stop calling his cellular telephone thereby verbally revoking consent and any prior consent he may have given to Defendant to call his cellular telephone.

27. After Plaintiff revoked his consent, Defendant continued to place calls to Plaintiff's cellular telephone.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, TOMMIE DONALDSON, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TOMMIE DONALDSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,
KIMMEL & SILVERMAN, P.C.

Date: November 9, 2018

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com